**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4222**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

THOMAS WELDON PALMER, a/k/a Flame, a/k/a Jynx, a/k/a Jynx Da Don,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Roderick Charles Young, District Judge.  (2:21-cr-00027-RCY-LRL-3)

───────────────

Submitted:  April 10, 2025                     Decided:  April 14, 2025

───────────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Kristin Greene Bird, Assistant United States Attorney, Joseph Evan DePadilla, Assistant United States Attorney, Norfolk, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Weldon Palmer pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and distribution of a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Palmer to 192 months' imprisonment and five years' supervised release.  On appeal, Palmer's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Palmer's appeal waiver is valid and whether the district court's omissions at the Fed. R. Crim. P. 11 colloquy rendered his guilty plea invalid.  Although notified of his right to do so, Palmer has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as barred by the appeal waiver in Palmer's plea agreement, which precludes all appeals except those claiming ineffective assistance of counsel.  We grant the Government's motion to dismiss in part and affirm in part.

Palmer's appeal waiver does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the

2

charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Because Palmer neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *See United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, a defendant "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up). A defendant who pled guilty establishes that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) (en banc) (internal quotation marks omitted).

At the plea colloquy, the district court ensured that Palmer was competent, that he was pleading guilty freely and voluntarily, and that there was a factual basis for his plea. The court omitted a few Rule 11 requirements, but those omissions did not affect Palmer's substantial rights. We therefore conclude that the district court did not plainly err in accepting Palmer's guilty plea.

Turning to Palmer's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently,

a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Palmer knowingly and intelligently waived his right to appeal his convictions and sentence. Therefore, the appeal waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of Palmer's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the criminal judgment. This court requires counsel to inform Palmer, in writing, of the right to petition the Supreme Court of the United States for further review. If Palmer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Palmer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4